UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ROELLE, | ) | CASE NO. 1:06CV2393 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | <u>OPINION AND ORDER</u> |
| JULIUS WILSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

Petitioner William Roelle was convicted, after a jury trial in Cuyahoga County Common Pleas Court, of kidnapping with a sexual motivation specification, and was classified as a sexual predator. On October 3, 2006, Roelle filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Respondent, Warden Julius Wilson, filed an Answer/Return of Writ on January 16, 2007. Petitioner was granted an extension of time until March 7, 2007 within which to file his Traverse. Petitioner's Traverse was never filed. On April 29, 2007, the Magistrate Judge recommended Petitioner's application for habeas corpus be denied. For the following reasons, the Court ADOPTS the recommendation of the Magistrate Judge and DENIES the Petition for Writ of Habeas Corpus.

Rule 72(b) of the Federal Rules of Civil Procedure provides that objections to a Magistrate Judge's Report and Recommendation must be filed within ten days after service. Petitioner filed an unsigned Motion for an Extension of Time until July 30, 2007 to file his Objections. (ECF DKT #16). The request was granted; yet Petitioner failed to timely file or

to seek to further extend the time to file his Objections to the Magistrate Judge's Report and Recommendation. Petitioner's unsigned Objections were filed on July 31, 2007 and again on August 6, 2007. (ECF DKT #17 & #18). Petitioner's failure to timely file his Objections acts a waiver of any objections and waives his right to appeal the District Court's Order. *Thomas v. Arn*, 728 F. 2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); *United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981). Despite Petitioner's procedural failings, however, this Court will address the merits of his Objections.

## I. LAW AND ANALYSIS

### Standard of Review

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo*

*v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004).

**First Ground for Relief**

Petitioner Roelle claims his right to confrontation under the Sixth and Fourteenth Amendments of United States Constitution was denied where hearsay was admitted at trial. Specifically, the trial court permitted police officers to testify about what they learned from the alleged victim and her family members during the police investigation. The state appeals court, in *State v. Roelle*, 2004 WL 1848181 at *5 (Ohio App. 8 Dist.), 2004-Ohio-4352, noted:

> In this case, both [officers] Katynski and Graves were careful to limit their testimony. They described only what actions they took in response to the information they were given by each person to whom they spoke, rather than any specifics about what they were told. On the rare occasion when either of them strayed from this limit, the trial court sustained defense counsel's objection to the improper testimony.

Generally, an officer's testimony "concerning the reasons for his or her actions during an investigation" is not hearsay, because "it is offered to show why the officer as the testifying witness acted in a particular manner" and not "to prove the truth of the statement made to the officer." *Roelle, id.*, citing *State v. Williams*, 115 Ohio App. 3d 24 (1996); *State v. Messer*, 107 Ohio App. 3d 51 (1995); compare, *Crawford v Washington*, 72 U.S.L.W. 4229 (2004). Federal and Ohio law are in agreement on this point. As the Sixth Circuit recently held in *United States v. Caver*, 470 F. 3d 220, 239 (6th Cir. 2006): "Background information that explains how law enforcement came to be involved with a particular defendant is not hearsay, because it is not being offered for the truth of the matter asserted."

Here, the officers' testimony was limited — offering merely "the factual basis for how, in the eyes of the police, Roelle went from being the complaining witness in a domestic violence case to being a potential suspect in an entirely different matter" (Magistrate Judge's

-3-

Report and Recommendation at 14) — and; the testimony was corroborated, in part, by the subsequent appearance of witnesses at trial.

Under either the "unreasonable application of" or "contrary to" test, the Petitioner's challenge to the admission of the officers' testimony at trial does not support the issuance of a writ of habeas corpus, and Petitioner's First Ground for Relief is without merit.

## Second Ground for Relief

Petitioner claims he was denied due process of law where the evidence at trial did not support his conviction for kidnapping under R.C. § 2905.01(A)(5). Specifically, Petitioner contends the testimony of the seven-year-old, "N", failed to prove she "did not consent to the sexual activity."

A federal habeas court has no authority to weigh evidence, resolve conflicts in testimony, or assess credibility. *Herrera v. Collins*, 506 U.S. 390, 401-402 (1993). For that reason, the factual findings of the state trial court are presumptively correct. 28 U.S.C. § 2254(e)(1). Sufficient evidence exists in support of a conviction if, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

The specific kidnapping statute, under which Roelle was convicted, provides: "[n]o person ... by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, ... to engage in sexual activity ... with the victim against the victim's will." Roelle insists N's testimony failed to prove she did not consent to the sexual activity. As the Magistrate Judge notes, in Ohio, persons under the age of thirteen

cannot legally consent to sexual contact or conduct; and the facts establish that N was only seven years of age. In addition, N testified that the incidents occurred when she was "sleeping" in her bed; and that Roelle "carried" her into the living room to engage in the sexual activity. Since these facts are presumed correct, and Petitioner has provided no basis for viewing these facts any differently than the appeals court did, a reasonable jury could conclude, beyond a reasonable doubt, that the sexual activity Roelle engaged in with N was against her will and without her consent. Therefore, the Second Ground For Relief is without merit.

## II. CONCLUSION

For all of the foregoing reasons, the Court ADOPTS the Report and Recommendation of the Magistrate Judge and DENIES Petition of William Roelle for Writ of Habeas Corpus. The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Further, Petitioner has not made a substantial showing of the denial of a constitutional right; therefore, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: 9/4/07

FILED

SEP 04 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

CHRISTOPHER A. BOYKO
United States District Judge